UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JODY ELLIOTT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| JUDGE HONOR SEGAL, Department of | * | Civil Action No. 19-cv-10259-ADB |
| Industrial Accidents; KAREN ANDREAS, | * | |
| The Salem News; and ROSALIN ACOSTA , | * | |
| Secretary of Labor and Workforce | * | |
| Development, | * | |
| | * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND
DEFENDANT JUDGE SEGAL'S MOTION TO ENJOIN**

BURROUGHS, D.J.

Jody Elliott ("Plaintiff") filed this action against Judge Honor Segal ("Judge Segal"),

Karen Andreas ("Ms. Andreas"), and Rosalin Acosta ("Secretary Acosta") (collectively,

"Defendants") seeking $800,000 in damages for violation of her civil rights and of several

criminal statutes. [ECF No. 1 ("Complaint" or "Compl.") at 2–3, 19]. Currently pending before

the Court are Defendants' motions to dismiss. [ECF Nos. 17, 19, 21]. For the reasons set forth

below, Defendants' motions to dismiss [ECF Nos. 17, 19, 21] are GRANTED.

I. BACKGROUND

A. Factual Background

The following facts are drawn from the Complaint, the well-pleaded allegations of which

are taken as true for the purposes of evaluating the motions to dismiss. See Ruivo v. Wells Fargo

Bank, N.A., 766 F.3d 87, 90 (1st Cir. 2014). The Court also draws facts from documents

attached to and incorporated by reference into the Complaint.  A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013).

1.     Judge Honor Segal

Judge Honor Segal is Plaintiff's former neighbor and currently serves as a judge for the Office of the Department of Industrial Accidents ("DIA").  [Compl. ¶¶ 12–13].  In April 2013, Judge Segal purchased Unit 2 of the K. Ward Handy Condominiums, which is a three-unit condo building in Salem, Massachusetts.  [Id. ¶ 13].  At the time, Plaintiff owned Unit 3.  [Id.].

Plaintiff and Judge Segal first met at a condo association meeting in July 2013.  [Id.].  Also present at the meeting was Attorney Terrence Kennedy, who attended the meeting at Judge Segal's request in order to help facilitate the meeting, and Doug Hein, then-owner of Unit 1.  [Id. ¶ 14; ECF No. 1-2 at 7].  At the meeting, Plaintiff and Judge Segal clashed regarding changes Judge Segal proposed that the condo association make around the building.  [Compl. ¶¶ 14–15].  This conflict escalated over the next eighteen months.  See [id. ¶¶ 16–20].  Plaintiff repeatedly involved the Salem Police Department in her dispute with Judge Segal and Christopher Patzke, who moved into Unit 1 during this time period.  See, e.g., [ECF No. 1-2 at 22, 41, 53, 74].  Judge Segal moved out of her unit in December 2014.  See [id. at 71].

The height of the conflict between Plaintiff and Judge Segal appears to have occurred in October 2014.  See [ECF id. at 60–61].  On October 10, 2014, an attorney representing Judge Segal sent a cease and desist notice to Plaintiff and the co-owner of Unit 3 demanding that she "cease and desist from all physical intimidation and physical contact" with Judge Segal.  [ECF No. 1-2 at 26].  On October 20, 2014, a "painting of what appears to be Hitler holding his hand up with a swastika on his chest" was found on the common basement door, and Plaintiff was implicated in the incident.  [ECF No. 1-2 at 61, 67, 69].  That same day, Plaintiff's daughter

2

reported the door incident to the family's attorney, expressed discomfort with being "implicated

. . . as the culprits," and stated that she and Plaintiff "[were] clearly targets of a set up of a

serious crime." [ECF No. 1-2 at 69]. On October 21, 2014, Judge Segal met with a Detective at

the Salem Police Department "to report ongoing harassment and a civil right[s] violation" and

stated that she believed the door incident was retaliation for the cease and desist letter. [Id. at

60–61]. Judge Segal spoke with the Salem Police Department again on December 8, 2014.

[Id.]. Following this report, on December 26, 2014, a criminal complaint was issued against

Plaintiff for violation of civil rights and criminal harassment. [Compl. ¶ 44; ECF No. 1-2 at 59].

The criminal charges were eventually dismissed. [Compl. ¶ 55].

> 2.      Karen Andreas

Karen Andreas is the publisher of the *Salem News*. [Id. ¶ 52]. On May 6, 2015, *The*

*Salem News* published an "expose" on Plaintiff that was written by Julie Manganis. [Id.].

Plaintiff maintains that the article contains falsehoods. [Id. ¶ 53]. After Plaintiff's criminal

charges were dismissed, she contacted an editor at *The Salem News* regarding removing or

correcting the article and thereafter filed a suit against the newspaper, which was dismissed. [Id.

¶ 55]. The article has not been changed. [Id. ¶ 58].

> 3.      Secretary Rosalin Acosta

Secretary Rosalin Acosta is the Secretary of Labor and Workforce Development. See

[Id. ¶ 59]. On August 6, 2018, the Executive Office of Labor and Workforce Development

("EOLWD") notified Plaintiff that she was a "security risk" and prohibited her from entering the

DIA building in Boston, where Judge Segal works. [Compl. ¶ 8; ECF No. 1-2 at 4]. Receipt of

this letter caused an increase in Plaintiff's anxiety and panic attacks. [Compl. ¶ 59].

**B.      History of Prior Litigation**

The instant action is at least the sixth action in which Plaintiff has brought claims against

Defendants or other individuals and entities associated with the events alleged in the Complaint.

Each of these former actions was dismissed with prejudice.  The Court recaps below the prior

actions and their dispositions.[1]

1.      Elliott v. Segal, No. 1677CV00552 (Mass. Super. Ct.)

On April 15, 2016, Plaintiff brought suit against Judge Segal, Patzke, Al Leone, *The*

*Salem News*, Editor-in-Chief of *The Salem News* David Olsen, and reporter Julie Manganis

alleging defamation, libel, slander, and harassment.  [ECF No. 18-2 at 3, 8, 10].  The claims

against Olsen and Manganis were dismissed.  [Id. at 5; ECF No. 19-1 at 2].  Following a hearing

on pending Rule 12 motions on September 20, 2016, the court dismissed claims against Judge

Segal and Patzke because their provision of information to the police was statutorily protected

unless it was knowingly false, which Plaintiff could not demonstrate.  [ECF No. 18-2 at 6].  The

court also dismissed the claims against Leone because the facts alleged failed to state a

claim.  [Id.].

2.      Elliott v. Baker, No. 1684CV02283 (Mass. Super. Ct.)

On July 21, 2016, Plaintiff filed a suit against Terrence Kennedy, the Massachusetts

Governors Council, and Governor Charles Baker.  [ECF No. 18-3 at 2–3].  The case was

voluntarily dismissed without prejudice on November 7, 2016 following Plaintiff's submission of

a motion to dismiss.  [Id. at 1, 4–5].

---

[1] As it may, the Court takes judicial notice of the dockets and orders in each of these five actions.
See Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990) ("It is well-accepted that federal
courts may take judicial notice of proceedings in other courts if those proceedings have relevance
to the matters at hand.").

3.      Elliott v. Prosniewski, No. 16-cv-11750-DLC (D. Mass.)

On April 6, 2016, Plaintiff sued Conrad Prosniewski, the Salem Police Department, the

City of Salem, and Salem Mayor Kimberly Driscoll in state court alleging failure to protect,

"neighbor dispute," excessive force, police misconduct/malicious prosecution, and selective

enforcement.  On August 26, 2016, the defendants removed the case to federal court, and on

September 23, 2016 moved to dismiss the complaint.  The case was assigned to Magistrate Judge

Donald L. Cabell, who dismissed the complaint on September 14, 2017 following a hearing.

Magistrate Judge Cabell's order assumed that Plaintiff sought to bring her claims pursuant to 42

U.S.C. § 1983 and found that the complaint failed to state a claim on which relief could be

granted.  Plaintiff appealed the order granting the motion to dismiss, which was affirmed by the

First Circuit.  See Elliott v. Prosniewski, No. 16-cv-11750-DLC (D. Mass.), ECF Nos. 1, 1-1, 13,

40, 41, 44, 48.

4.      Elliott v. Segal, No. 16-cv-12500-PBS (D. Mass.)

On December 9, 2016, Plaintiff filed a complaint against Judge Segal and Patzke for civil

rights violations, extortion with malicious intent, slander and libel, and criminal harassment.  On

January 10, 2017 and January 18, 2017, respectively, Judge Segal and Patzke moved to dismiss

the complaint.  The case was referred to Magistrate Judge Cabell, who issued a report and

recommendation following a hearing on the motions to dismiss.  On July 20, 2017, Magistrate

Judge Cabell recommended that the complaint be dismissed for lack of subject-matter

jurisdiction.  On July 28, 2017, Chief Judge Patti B. Saris adopted the report and

recommendation and dismissed the complaint.  See Elliott v. Segal, No. 16-cv-12500-PBS (D.

Mass.), ECF Nos. 1, 12, 16, 32, 34, 38.

5.     Elliott v. Kennedy, No. 18-cv-11320 (D. Mass.)

On June 25, 2018, Plaintiff brought suit against Terrence Kennedy, Lieutenant Governor

Karyn Polito, the Massachusetts Governor's Council, and Governor Charles Baker for violations

of Plaintiff's Fourteenth Amendment rights to equal protection and due process and tampering

with a witness, victim, or informant in violation of 18 U.S.C. § 1512.  In August 2018, the

defendants moved to dismiss.  The case was referred to Magistrate Judge Cabell, who issued a

report and recommendation that recommended that the complaint be dismissed for failure to state

a claim and because the claims against the Governor, Lieutenant Governor, and Governor's

Council were barred by Eleventh Amendment immunity.  On March 11, 2019, Chief Judge Saris

adopted the report and recommendation and dismissed the complaint.  See Elliott v. Kennedy,

No. 18-cv-11320-PBS (D. Mass.), ECF Nos. 1, 12, 14, 27, 30.

**C.     Procedural History**

On February 11, 2019, Plaintiff filed the instant Complaint in this Court.  [ECF No. 1].

The Complaint alleges the following claims: conspiracy against rights in violation of 18 U.S.C.

§ 241; tampering with a witness, victim or information in violation of 18 U.S.C. § 1512; fraud

and false statements in violation of 18 U.S.C. § 1001; violation of Plaintiff's First Amendment

rights of freedom of religious expression and the right to petition; violation of Plaintiff's

Fourteenth Amendment right to due process; and, violation of Plaintiff's Ninth Amendment

rights to privacy and property.  [Compl. at 2–3].  On April 2, 2019, April 3, 2019, and April 11,

2019, Judge Segal, Ms. Andreas, and Secretary Acosta filed motions to dismiss, respectively.

[ECF Nos. 17, 19, 21].  Plaintiff responded on April 29, 2019 to all three motions.  [ECF Nos.

23, 24, 25].

## II. DISCUSSION

Defendants move to dismiss the claims against them on the following grounds: failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), res judicata, and statute of limitations. [ECF Nos. 18, 20, 22]. Because the arguments pursuant to Rules 12(b)(6) and 12(b)(1) are dispositive, the Court does not reach the questions of res judicata or statute of limitations.

### A. Legal Standard

On a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true, analyze those facts in the light most favorable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). While detailed factual allegations are not required, the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and it must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citations omitted). The facts alleged must be sufficient to "state a claim to relief that is plausible on its face." Maddox, 732 F.3d at 80 (quoting Twombly, 550 U.S. at 570).

"When considering a motion to dismiss under [Rule] 12(b)(1) . . ., the Court should apply a standard of review 'similar to that accorded a dismissal for failure to state a claim' under subsection 12(b)(6)." Rodriguez v. Mass. Parole Bd., No. 16-cv-11113-ADB, 2017 WL 706597, at *2 (D. Mass. Feb. 22, 2017) (quoting Menge v. N. Am. Specialty Ins. Co., 905 F. Supp. 2d 414, 416 (D.R.I. 2012)). A motion to dismiss under Rule 12(b)(1) is appropriate where the facts

alleged in the Complaint do not support subject-matter jurisdiction. Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017). "The party invoking federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction over the case." Amoche v. Guarantee Tr. Life Ins. Co., 556 F.3d 41, 48 (1st Cir. 2009).

### B.    Federal Criminal Causes of Action

Plaintiff purports to bring claims against Judge Segal, Ms. Andreas, and Secretary Acosta for violations of 18 U.S.C. §§ 241, 1001, and 1512, which criminalize conspiring to injure, oppress, threaten, or intimidate people in the free exercise or enjoyment of their legal or constitutional rights, the making of false statements, and tampering with a witness, victim, or informant, respectively. [Compl. at 2]; see 18 U.S.C. §§ 241, 1001, 1512. As Defendants correctly observe, none of these statutes provides for a private right of action. See [ECF No. 18 at 11; ECF No. 22 at 15–16]. Accordingly, the Complaint is dismissed to the extent it purports to bring these criminal charges against Defendants.

### C.    Federal Civil Causes of Action

Plaintiff alleges violations of the rights guaranteed to her by the First, Ninth, and Fourteenth Amendments to the U.S. Constitution as well as a conspiracy to violate her constitutional rights, which the Court interprets as claims brought pursuant to 42 U.S.C. § 1983 and § 1985.[2] [Compl. at 3]. Specifically, Plaintiff claims that her right to freedom of expression, right to petition, right to due process, and right to "privacy and property" have been violated through Defendants' actions that ultimately "creat[ed] a false public image of Plaintiff as an aggressive Anti-Semitic [sic] who commits hate crimes against others." See [Compl. at 1, 3].

---

[2] "Because [Plaintiff] is *pro se,* [the Court] read[s] [her] complaint with an extra degree of solicitude." Malek v. Knightly, No. 94-cv-02113, 1995 WL 338178 (1st Cir. June 5, 1995).

As an initial matter, any civil rights claims against Secretary Acosta seeking money damages must be dismissed because the Secretary, in her official capacity, is not properly subject to suit for these claims pursuant to Eleventh Amendment immunity and § 1983.  First, the Eleventh Amendment prohibits Plaintiff from bringing a federal lawsuit for money damages against the Commonwealth, which includes its agencies and departments, such as EOWLD, and officials acting in their official capacity.  See Lucero v. Evangelidis, 333 F. Supp. 3d 1, 4 (D. Mass. 2018).  Second, state government officials acting in their official capacities are not "persons" properly subject to suit under § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).  Accordingly, the Court addresses Plaintiff's federal civil rights claims only as pled against Judge Segal and Ms. Andreas.

### 1.      First Amendment

The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech . . . or the right of the people peaceably to assemble, and to petition the government for a redress of grievances."  U.S. Const. amend. I.  Plaintiff's claim pursuant to the First Amendment must be dismissed because "only the government can violate First Amendment rights."  McGuire v. Reilly, 386 F.3d 45, 60 (1st Cir. 2004).  Where Plaintiff alleges no state action by Judge Segal or Ms. Andreas that curtailed her right to express her religious beliefs or to petition, she fails to state a constitutional claim under the First Amendment.  See Yeo v. Town of Lexington, 131 F.3d 241, 248 (1st Cir. 1997) (holding that state action is a necessary component of a First Amendment claim).

### 2.      Ninth Amendment

The Ninth Amendment states that "the enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people."  U.S. Const. amend.

IX.  It is well-established in the First Circuit that the Ninth Amendment "does not create substantive rights beyond those conferred by governing law." Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 9 (1st Cir. 2007) (quoting Vega-Rodriguez v. P.R. Tel. Co., 110 F.3d 174, 182 (1st Cir. 1997)).  Accordingly, because Plaintiff's Ninth Amendment claims are not tenable, the Court considers her allegations that her privacy and property rights were violated as if they were pled as a violation of her Fourteenth Amendment rights.

### 3.  Fourteenth Amendment

The Fourteenth Amendment affords every citizen the right to due process of law before being deprived of life, liberty, or property. See U.S. Const. amend. XIV.  "As a general proposition, the Fourteenth Amendment protects individuals exclusively against government action, leaving the conduct of private parties to regulation by statutory and common law." Pike v. Guarino, 492 F.3d 61, 78 (1st Cir. 2007); see Blum v. Yaretsky, 457 U.S. 991, 1002–03 (1982) (stating that the Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful" (citation omitted)).  As above, the Court cannot interpret Judge Segal's or Ms. Andreas' actions to be government action.

In some limited circumstances, however, a plaintiff may be able to assert a Fourteenth Amendment claim against private parties where they have conspired to deprive her of civil rights. See 42 U.S.C. § 1985(3).  Section 1983(5) "confers a private right of action for injuries occasioned when 'two or more persons . . . conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . .'" Burns v. State Police Ass'n of Mass., 230 F.3d 8, 12 n.3 (1st Cir. 2000) (quoting 42 U.S.C. § 1985(3)).  "It has long been established that a claim under § 1985(3) requires 'some racial, or perhaps otherwise class-based, invidiously

10

discriminatory animus behind the conspirators' action.'" Perez-Sanchez v. Pub. Bldg. Auth., 531

F.3d 104, 107 (1st Cir. 2008) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). Here,

the Complaint contains no allegations of discriminatory animus based on race or another

protected category. Therefore, Plaintiff's claims pursuant to the Fourteenth Amendment must be

dismissed.

D.      State Law Civil Causes of Action

To the extent the Complaint states any other claims pursuant to state law, such as libel-

slander, defamation, and other tort claims, the Complaint must be dismissed for lack of subject-

matter jurisdiction. Federal courts have subject matter jurisdiction over (1) "all civil actions

arising under the Constitution, laws, or treaties of the United States," also referred to generally as

"federal question" jurisdiction, or (2) civil actions where the parties are of diverse citizenship,

that is, from different states, and the amount in controversy exceeds $75,000. See 28 U.S.C.

§§ 1331 and 1332(a). "The party invoking federal jurisdiction has the burden of establishing that

the court has subject matter jurisdiction over the case." Amoche., 556 F.3d at 48.

Here, in the absence of a viable constitutional claim, the Complaint does not raise a

federal question. See Section II.C. (dismissing constitutional claims). Diversity jurisdiction is

also lacking because, although the Complaint seeks $800,000 in damages, the parties all appear

to be domiciled in Massachusetts. See generally [Compl.]. Accordingly, the Court dismisses

any remaining state law claims to the extent they are pled in the Complaint for lack of subject-

matter jurisdiction.

E.      Plaintiff's Request for Injunctive Relief

In addition to bringing claims for violation of her constitutional rights, Plaintiff seeks to

enjoin the EOLWD from issuing and enforcing its order identifying her as a "security risk" and

prohibiting her from entering the DIA building in Boston.  [Compl. at 3].  As grounds for the

injunction, Plaintiff asserts that "[t]he threat of arrest is emotionally and physically distressing"

and that her anxiety negatively impacts her ability to petition.  [Id.].  "Before it grants a

preliminary injunction, a district court is required to consider (1) the movant's likelihood of

success on the merits; (2) the likelihood of the movant suffering irreparable harm; (3) the balance

of equities; and (4) whether granting the injunction is in the public interest."  Shurtleff v. City of

Bos., 928 F.3d 166, 171 (1st Cir. 2019).  Here, Plaintiff is unable to meet this standard because,

as described in Sections II.B.–D., she has failed to demonstrate that she is likely to succeed on

the merits of her claims.

## III.     MOTION TO ENJOIN

Judge Segal has moved to enjoin Plaintiff from filing further complaints against her.

[ECF No. 18 at 13–15].  "A district court has the power to enjoin litigants who abuse the court

system by filing groundless and vexatious litigation."  Stefanik v. Town of Huntington, 536 F.

Supp. 2d 106, 114 (D. Mass. 2008) (citing Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871,

at *2 (1st Cir. 1999) (per curiam) (table decision)); see also 28 U.S.C. § 1651 (providing that

courts may issue all writs necessary or appropriate in aid of their respective jurisdictions).[3]

"Vexatious conduct occurs where a party's actions are 'frivolous, unreasonable, or without

foundation' even without the presence of 'subjective bad faith.'"  Azbuko v. MBNA Am. Bank,

396 F. Supp. 2d 1, 7 (D. Mass. 2005) (quoting Local 285, Serv. Emps. Int'l Union v. Nonotuck

Res. Assocs., Inc., 64 F.3d 735, 737 (1st Cir. 1995)).  "Courts in this circuit have repeatedly

---

[3] The Court also has the power to sanction litigants, including those proceeding *pro se*, for
presenting papers to the court for "any improper purpose, such as to harass, cause unnecessary
delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1); see also Pronav
Charter II, Inc. v. Nolan, 206 F. Supp. 2d 46, 53–54 (D. Mass. 2002) (noting that Rule 11 applies
to *pro se* litigants).

found that a plaintiff who files multiple frivolous and vexatious lawsuits arising out of the same or similar events can be enjoined from filing further lawsuits without leave." Clemens v. Town of Scituate, No. 13-cv-11598-FDS, 2014 WL 12792990, at *6 (D. Mass. June 16, 2014) (collecting cases). However, "[l]itigiousness alone will not support an injunction against a plaintiff." Otis Elevator Co. v. Int'l Union of Elevator Constructors, Local 4, 408 F.3d 1, 10 (1st Cir. 2005) (quoting Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir. 1980)).

Plaintiff's conduct rises significantly above the level of litigiousness. This is the third complaint she has filed in this district and the sixth complaint she has filed arising from essentially the same set of facts. Not one of the prior five complaints has proceeded past the motion to dismiss stage. Plaintiff's frivolous lawsuits have not only burdened the instant defendants but have also unnecessarily targeted the Commonwealth's Governor, Lieutenant Governor, and Governor's Council. Therefore, the Court finds that Plaintiff's repeated filing of deficient complaints related to facts arising from her involvement with the condo association and the reported hate crime that occurred at the condo building in 2014 is an abuse of the process of this Court. The most effective way to limit this abuse is to enjoin Plaintiff from filing further *pro se* complaints concerning these same facts without leave from the Court.[4]

## IV.  CONCLUSION

Accordingly, the Defendants' motions to dismiss [ECF Nos. 17, 19, 21] are GRANTED. Defendant Judge Segal's request to enjoin further harassing filings by Plaintiff Jody Elliott [ECF

---

[4] The Court acknowledges the affidavit filed by Plaintiff on October 2, 2019, in which she recognizes that she "file[s] too many law suits" and seeks direction from the Court as to how to proceed regarding a lawsuit filed in Salem District Court on September 14, 2019 that alleges a recent assault on Plaintiff by a police officer. [ECF No. 29]. The affidavit does not have bearing on the allegations in the instant case. Pursuant to this Court's order, prior to filing a new lawsuit in this district, Plaintiff must seek and obtain leave of the Court. This Order does not impact Plaintiff's ability to litigate in state court.

No. 17] is also <u>GRANTED</u>.  Plaintiff Jody Elliott is hereby enjoined from filing further lawsuits in this district arising from either (i) the alleged hate crime perpetrated in October 2014 at the K. Ward Handy Condominiums (including the related criminal case against Plaintiff and reporting by *The Salem News*) or (ii) Plaintiff's interactions with Judge Honor Segal, Christopher Patzke, and Terrence Kennedy at the K. Ward Handy Condominiums without leave of the Court.  If Plaintiff seeks to file papers of this nature in this district, she must file a written petition seeking leave to do so.  The petition must contain a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for the filing.  The Clerk of Court shall accept the documents, mark them received, and forward them, for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court.  Plaintiff is not enjoined from submitting filings in currently pending actions or from effecting an appeal from this Order.  A copy of this Order shall be distributed to the Clerk of Court.

Plaintiff is specifically instructed that any failure to comply with these requirements may result in additional sanction, including monetary fines and punishment for contempt of court.

**SO ORDERED.**

October 15, 2019                                         /s/ Allison D. Burroughs
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE